# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JODY WALLACE**                                                                 **PLAINTIFF**

V.                               No. 4:22-CV-00251-ERE

**KILOLO KIJAKAZI, Acting
Commissioner of Social Security**                                                 **DEFENDANT**

## ORDER

Plaintiff Jody Wallace appeals the final decision of the Commissioner of the Social Security Administration denying his application for benefits. For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

**I.   BACKGROUND**

On September 1, 2020, Mr. Wallace protectively filed an application for benefits due to degenerative disc disease; bursitis in the right knee; sacroiliitis; prostatic hypertrophy with outflow obstruction; chronic pain syndrome; obesity; left knee problems; anxiety; migraines; an abdominal hernia; stomach problems; and sciatic nerve pain. *Tr. 286.*

Mr. Wallace's claim was denied initially and upon reconsideration. At Mr. Wallace's request, an Administrative Law Judge ("ALJ") held a hearing on July 15, 2021, where Mr. Wallace appeared with his lawyer, and the ALJ heard testimony

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge.

from Mr. Wallace and a vocational expert ("VE"). *Tr. 39-79*. The ALJ issued a decision on August 26, 2021, finding that Mr. Wallace was not disabled. *Tr. 12-38*. The Appeals Council denied Mr. Wallace's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6*.

Mr. Wallace, who was forty-three years old at the time of the hearing, dropped out before finishing his first semester in college. He has past relevant work experience as a survey drafter, driller, and petroleum laborer. *Tr. 48, 50, 74*.

## II. THE ALJ's DECISION[2]

The ALJ found that Mr. Wallace had not engaged in substantial gainful activity from the alleged onset date of October 11, 2019 through December 31, 2020, his date last insured. *Tr. 18*. The ALJ concluded that Mr. Wallace had the following severe impairments: degenerative disc disease with radiculopathy, peripheral neuropathy, and chronic pain syndrome; bilateral tinnitus/sensorineural hearing loss; obesity; depression; anxiety; and ADHD. *Tr. 18*. However, the ALJ found that Mr. Wallace did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 20*.

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

According to the ALJ, Mr. Wallace had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) no climbing ladders or scaffolds; (2) only occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, or crawling; (3) frequent reaching, handling, fingering, and feeling bilaterally; (4) only moderate exposure to noise; (5) no exposure to unprotected heights or moving mechanical parts; (6) he must have a cane for ambulation; (7) limited to understanding, remembering, and carrying out simple and detailed, but not complex instructions (SVP[3] four or below); (8) semi-skilled work decisions and changes (SVP four or below); and (9) maintaining concentration, persistence, and pace for at least two-hour intervals. *Tr. 23.*

In response to hypothetical questions incorporating the above limitations, the VE testified that potential jobs were available in the national economy that Mr. Wallace could perform, including food & beverage order clerk, callout clerk, and information clerk. *Tr. 76.* Accordingly, the ALJ found that Mr. Wallace was not disabled.

---

[3] SVP is special vocational preparation. This means the amount of time required to prepare for a specific type of job.

### III.   DISCUSSION

#### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

#### B.   Mr. Wallace's Arguments for Reversal

Mr. Wallace contends that the Commissioner's decision is not supported by substantial evidence. He argues that the ALJ erred by: (1) failing to explain or resolve a conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"); and (2) performing flawed credibility analysis. *Doc. 15 at 35, 41.*

After careful review of the record and the parties' briefs, the Court reverses the Commissioner's decision for the following reasons.[4]

**C.   Analysis**

"[B]efore an ALJ can rely on a vocational expert's testimony that appears to conflict with a Dictionary listing, the ALJ must identify and resolve the conflict. Otherwise, the vocational expert's testimony is not substantial evidence to support a denial of benefits." *Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 558 (8th Cir. 2018). The ALJ also had a duty to explain the clarification in his ruling. *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014).

The ALJ's hypothetical (and eventual finding) assigned an RFC for "simple and detailed, but not complex instructions." *Tr. 23, 74*. The VE identified three jobs that Mr. Wallace purportedly could perform: food & beverage order clerk, callout clerk, and information clerk. All three jobs require level three reasoning. *See* DOT 209.567-014, DOT 237.367-014, and DOT 237.367-046.

During the hearing, the ALJ asked the VE about any potential conflicts between her testimony and the DOT:

> Q Is your testimony today consistent with the information found in the Dictionary of Occupational Titles?
>
> A Yes, Your Honor, however the issues regarding the use of a cane for ambulation and the issue regarding being off task, those two issues are

---

[4] Because the Court finds that Mr. Wallace's first reason for reversal has merit, there is no need to address the second argument.

5

not addressed by the DOT. That's based on my education and experience.

*Tr. 77.* The ALJ did not acknowledge or ask about a potential reasoning-level conflict, and the VE did not volunteer any information to resolve the apparent conflict. Additionally, the ALJ did not explain the issue in his opinion.

In 2018, the Eighth Circuit reversed and remanded a case when a VE identified jobs with a reasoning level beyond the claimant's RFC limitations. *Thomas v. Berryhill*, 881 F.3d 672, 677 (8th Cir. 2018) (RFC limitations to simple one-to-two step tasks was incompatible with jobs requiring level-three reasoning). In that case, the ALJ limited the hypothetical to level-one reasoning but the VE provided jobs requiring level-three reasoning. Ultimately, "[n]o one raised that discrepancy at the hearing before the ALJ, and so the expert was not asked to explain why his testimony seemed to differ from the information in the DOT." *Id.*

Here, the ALJ limited the RFC to level-two reasoning and the VE responded with jobs requiring level-three reasoning, according to the DOT. No one followed up to explain this discrepancy. "The expert might have learned from experience that the jobs of [food & beverage order clerk, callout clerk, and information clerk] do not require Level [3] Reasoning, but [she] did not say so. The record also admits of the possibility that the expert simply did not recognize the apparent conflict between [her] testimony and the Dictionary." *Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d

555, 560 (8th Cir. 2018). Without a sufficient explanation of the apparent conflict, the VE's testimony was not supported by substantial evidence.

Defendant argues that the RFC was compatible with level-three reasoning because it referred to "*detailed* instructions." *Doc. 17 at 13 (emphasis in original)*. The additional language did not elevate the RFC's reasoning level from two to three. Notably, "multiple courts . . . have found that when an RFC restricts the claimant to detailed–but–not–complex tasks, this creates an apparent conflict with Level 3 Reasoning." *Pugh v. Comm'r of Soc. Sec.*, No. 2:18-CV-1607-KJN, 2019 WL 3936192, at *5 (E.D. Cal. Aug. 20, 2019) (citing cases); *Trai Truong v. Saul*, No. 18CV1660-MMA (MSB), 2019 WL 3288938, at *7 (S.D. Cal. July 19, 2019) (holding "detailed, non-complex instructions is apparently inconsistent with Level 3 Reasoning . . . ."); *Vanessa R. v. Comm'r of Soc. Sec.*, No. 3:18-CV-5719 JLR-JRC, 2019 WL 1586867, at *3 (W.D. Wash. Mar. 28, 2019) (holding that "it is plain to this court that 'detailed, but not complex' instructions is most nearly synonymous with 'detailed but uninvolved' instructions" which is level two, not level three.); *Bowman v. Colvin*, 228 F. Supp. 3d 1121, 1139-41 (D. Or. 2017) (finding RFC providing for "simple and detailed, but not complex tasks" in apparent conflict with Reasoning Level 3 and SVP 4); *Davis v. Astrue*, No. 3-06-CV-883-B, 2008 WL 517238, at *5 (N.D. Tex. Feb. 27, 2008) (holding that a claimant who was "limited

to following simple or detailed instructions" was not "capable of performing a job with a reasoning development level of 3.").

Again, the ALJ failed to recognize the possible conflict between the VE's testimony regarding the three jobs that Mr. Wallace allegedly could perform and the DOT description of jobs as requiring level-three reasoning. Without an explanation to resolve this apparent conflict, reversal is warranted.

## IV.   CONCLUSION

For the reasons explained above, the Court finds that the ALJ's failure to resolve an apparent conflict at step five means that his decision is not supported by substantial evidence.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Dated this 2nd day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE